UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GODFREY LOGAN, Jr.,<br>Plaintiff,<br>v.<br>POPEYE'S LOUISIANA KITCHEN, INC.,<br>Defendant. | No. 2:26-cv-00930-DAD-SCR<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP"), which is on the standard AO240 form, but is lacking in detail. *See* 28 U.S.C. § 1915(a)(1). The Court has considered the motion to proceed IFP and additionally screened the complaint pursuant to 28 U.S.C. § 1915(e) and recommends that this action be dismissed because Plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted.

## I. SCREENING

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff's complaint names as a Defendant a restaurant in Los Angeles and perhaps one employee.[1] Plaintiff's complaint asserts federal question jurisdiction based on the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. §§ 1961, et seq. The gist of Plaintiff's factual allegations appears to be that the restaurant made an error in his order, or charged him the incorrect amount. *See* ECF No. 1 at 2 ("I buy (3 piece chicken special) they give me receipt chicken sandwich."). Plaintiff states that on the evening of March 2, 2026, he went to Popeye's Fried Chicken and bought a 3-piece special for $7.50 or $8.00, but his receipt said "chicken sandwich special" and $5.99. ECF No. 1 at 5. Plaintiff also mentions that while waiting for his order, a customer stole his identification. *Id.* Plaintiff seeks $62 million in damages.

C. Analysis

Plaintiff's complaint fails to comply with Rule 8, fails to state a claim, and appears to be factually and legally without merit. A complaint is frivolous if it lacks an arguable basis in law or fact. The Court finds the complaint is frivolous. Plaintiff has filed what purports to be a $62 million RICO lawsuit based on either: 1) a mistake with his order, which resulted in getting a chicken sandwich instead of a three piece meal; or 2) being over- or under-charged $1 to $2. Plaintiff fails to state a claim under RICO.

To state a claim under § 1962(c) of RICO, "a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007). "Racketeering activity is an act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud, and obstruction of justice." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). A "pattern" requires at least two acts of racketeering activity within ten years of one another. *Id.*, citing 18

[1] The employee is not listed in the caption as required by Federal Rule of Civil Procedure 10(a), but a "Host Luwin" is listed in the parties section of the complaint. ECF No. 1 at 2.

U.S.C. § 1961(5). A plaintiff must also allege that the predicates are related and "that they amount to or pose a threat of continued criminal activity." *Id.* Plaintiff's allegations are far from sufficient to state a claim under RICO.

The Court has considered whether Plaintiff should be granted leave to amend. The Court has liberally construed Plaintiff's pro se complaint and considered that generally pro se litigants are given an opportunity to amend. See *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Here, the Court concludes that granting leave to amend would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."). The Court has also considered that Plaintiff has filed more than 20 actions in this District since 2024. The vast majority of these have been either dismissed or transferred for improper venue, or otherwise dismissed at the screening stage. *See, e.g., Logan v. Chevron Fuel Station*, 2:26-cv-01529-DJC-CSK, ECF No. 3 (recommending dismissal and finding complaint "facially frivolous or meritless"); *Logan v. Citibank*, 2:26-cv-01542-DC-AC, at ECF No. 3 (noting Plaintiff's pattern of repeatedly filing cases in the wrong venue and observing that "[a]t this point, plaintiff is well aware that he is filing in the improper venue"). The Court concludes that amendment would be futile.

## III. CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's complaint be dismissed without leave to amend; and
3. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: July 23, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE